

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Stansell Bryan
District Attorney
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-6498
Re: Whether or not the present war
and manpower shortage is such
an emergency as to allow a city
of 40,000 or more inhabitants,
under the provisions of Senate
Bill No. 54, Forty-ninth Legis-
lature, to work more than the
required hours.

Your request for an opinion on the above question
has been received.

We quote from your letter as follows:

"On March 23, 1945, Senate Bill 54 became ef-
fective affecting the City of Waco in my district.
Section 6 of this Bill, which is an amendment to
Article 1583 of the Penal Code of Texas, provides,
in part, that 'It shall be unlawful for any City
of more than 40,000 inhabitants to require or per-
mit any such firemen or policemen to work more
than 12 hours per calendar day or more than 72
hours in any one calendar week, and in no event,
more than 144 hours in any two consecutive calen-
dar weeks in the discharge of their duties except
in case of emergency which may arise where it may
become necessary to work more'.

"The Bill further provides that 'if required
to work on any day which has been designated as
the day of the week that such member of said de-
partment should not be required to be on duty, ad-
ditional compensation at the rate of time and
one-half overtime computed upon the basis of their

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Stansell Bryan, Page 2

monthly salary shall be paid to them for such additional time as they are required to work'. Thereafter, the Bill places a penalty against any city official or anyone in charge of the fire station who violates any provisions of the law.

"What I would like to know is whether or not under Senate Bill 54 a City of 40,000 inhabitants or more can require or permit its firemen and policemen to work more than 12 hours in any one calendar day, or more than 72 hours in any one calendar week, or more than 144 hours in any two consecutive calendar weeks if said City pays its firemen and policemen time and one-half for said overtime. The question is whether or not the present war and man-power shortage is such an emergency as to allow a City of 40,000 or more inhabitants, under the Bill, to work more than the required hours.

". . . ."

We further quote from your well prepared brief as follows:

". . . .

"The law is well settled that a City must pay the time and one-half overtime and the requirement or permission of overtime work is an offense except in case of emergency.

"The case of McGuire vs. City of Dallas, 170 SW (2) 722, by the Commission of Appeals, Syl. 2 and 3, states in part as follows:

"'A careful consideration of the quoted sections of the statute leads to the conclusion that overtime work by a fireman is not in itself prohibited. The prohibition is to the "requirement or permitting" of overtime work. A fireman who performs overtime work either in an emergency or otherwise under requirement or permission by a municipality is entitled to additional compensation at the rate of time and one-half overtime computed upon the basis of their monthly salary, which in this case is the minimum of $150 per

month. To hold otherwise would nullify the language quoted whereby additional compensation is allowed to firemen who are required or permitted to work more than the hours and days provided in the statute. The language shows beyond cuestion that overtime work as such is not made illegal. A municipality is penalized for the requirement or permitting of overtime work either in emergencies or otherwise. The requirement or permission of overtime work is made an offense against the city official in charge of the fire department in all cases except in an emergency.'

"You will note from this that the only time that a City can work its firemen and policemen more than the 12, 72, or 144 hours, as set out in the Bill, is in case of an emergency. I believe that the present war is an emergency as is contemplated in Senate Bill 54.

"The case of Leuer vs. McIntyre et al, 168 SW (2) 156, Syl 3 and 4, holds in part as follows:

"'It requires no stretch of judicial prerogative to take notice of the extreme emergency confronting this country, or the necessity for prompt as well as drastic action by the executive and legislative branches to establish, mobilize, equip and train all the armed forces necessary for both defensive and offensive operations against those Powers now engaged in a highly unified and determined effort to destroy our government and people.'

"I realize that the Leuer case is an injunction suit against a local draft board, but I think that the Court's holding that there is an extreme emergency would settle the question that there is an emergency at this time. It is, therefore, my opinion that a City of 40,000 or more inhabitants can require or permit its firemen and policemen to work more than 12 hours per calendar day and more than 72 hours per calendar week and more than 144 hours in two consecutive calendar weeks due to the fact that there is an emergency existing and a manpower shortage, but that the City must pay time and one-half overtime for all hours in excess of those set out in the Bill."

Honorable Stansell Bryan, Page 4

You are advised that in our opinion as to whether an emergency exists depends on the fact situation in each particular city of more than 40,000 inhabitants. Conditions may be such in your City, resulting from the war and the manpower shortage, or from some other cause as to constitute an emergency, such as would make it impossible to provide protection to the lives and property of your citizens without working the firemen and policemen overtime. In this event the City officials would have the authority to work the above-mentioned employees more than the 12, 72 or 144 hours, as set out in the statute.

We enclose a copy of Opinion No. O-6050 of this department, as it involves practically the same question that you have confronting you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY *Fred C. Chandler*
Fred C. Chandler
Assistant

FCC:mp
Incl.



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN